UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BENJAMIN A. JOHNSON,

      Plaintiff,                                    Case No. 16-12278

v.

UNITED STATES,                                   HON. AVERN COHN

      Defendant.
_____/

## ORDER DISMISSING COMPLAINT
## AND
## DENYING PENDING MOTIONS

### I. Introduction

Plaintiff Benjamin A. Johnson, a federal inmate proceeding pro se, has filed a complaint under 42 U.S.C. § 1983.[1]  As will be explained, Johnson's complaint is a challenge to his federal criminal conviction which cannot be the subject of a civil rights complaint.  Accordingly, the complaint will be dismissed.  Additionally, Johnson's pending motions, including a motion for jury trial (Doc. 8) and motions to disqualify the undersigned (Docs. 9, 10) will be denied.


### II.  Background

---

[1]Although styled as a claim under section 1983, Johnson's claim is more appropriately construed as a claim under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).  A Bivens action is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors."  Yeager v. General Motors Corp., 265 F.3d 389, 398 (6th Cir. 2001)  It is "the federal analog to suits brought against state officials under ... 42 U.S.C. § 1983."  Hartman v. Moore, 547 U.S. 250, 255 n.2 (2006).

Johnson was part of the "Black Mafia Family," a large cocaine distribution conspiracy that grew out of a drug organization run based in Detroit and eventually extending as far as Los Angeles and Atlanta.  In 2005, a grand jury indicted Johnson on multiple counts of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846, for possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1), and for conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1) and 1956(h).  See United States v. Flenory, et al., 95-80955.  The undersigned presided over Johnson's criminal case.  Eventually, Johnson pled guilty under a Rule 11 agreement to one count of conspiracy to distribute five or more kilograms of cocaine and one count of conspiracy to launder monetary interests.  The plea agreement incorporated a separate cooperation agreement.  Under the cooperation agreement, the government had discretion to determine whether Johnson's cooperation provided substantial assistance such that it would seek a reduction under 5K1.1 or Rule 35.  The government also agreed that if it filed for a sentence reduction, it would ask for a sentence of 94-188 months.  Ultimately, the government concluded that Johnson did not provide substantial assistance, and in fact determined that Johnson breached the cooperation agreement by his actions.  The government therefore did not move for a sentence reduction on Johnson's behalf.

In 2009, Johnson was sentenced to 150 months custody.[2]  Johnson appealed,

---

[2]The Rule 11 agreement calculated Johnson's advisory guideline range as 118-255 months.  However, the Rule 11 agreement underestimated Johnson's criminal history category and assumed, incorrectly, that the safety value applied.  With these adjustments, the Presentence Report (PSR) calculated Johnson's advisory guidelines

arguing in part that his plea was not voluntary.  The Court of Appeals for the Sixth Circuit affirmed.  United States v. Johnson, 371 F. App'x 631 (6th Cir. Apr. 6, 2010). Since that time, Johnson has filed multiple motions in his criminal case, mostly seeking a reduction in his sentence.

In the instant complaint, which runs over 200 pages and is virtually unintelligible, Johnson seeks "millions of dollars in monetary damages, and is seeking millions of dollars in punitive damages."  (Doc. 1, at p. 1).  The complaint essentially alleges that Johnson cooperated with authorities but that he was deceived by the government, his counsel, and the Court into entering into the plea agreement.  In addition to money damages, Johnson requests a withdrawal of his guilty plea.

### III.  Legal Standard

Civil rights complaints filed by pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000).  Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); McGore v. Wigglesworth, 114 F.3d 601, 604 (6th Cir. 1997).  A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint

---

range as 262-327.  The Court's 150 month sentence was 38 months below the minimum sentence contemplated in the Rule 11 agreement and 112 months below the minimum sentence in the PSR.

3

in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996); Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996); Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

IV.  Analysis

Johnson alleges that various constitutional violations occurred during his criminal case which lead him into involuntarily enter into a plea agreement.  A judgment in favor of Johnson in this action would necessarily require a finding that his continued confinement is the result of an invalid conviction.  In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that such claims cannot be brought in a civil rights action:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

The Heck holding applies not only to state actions brought under § 1983 but also to Bivens actions.  Robinson v. Jones, 142 F.3d 905, 906-07 (6th Cir. 1998).  Thus,

4

Johnson's complaint fails to state a claim for relief and is DISMISSED.

### V.  Pending Motions

In light of dismissing Johnson's complaint, his motion for a jury trial (Doc. 8) is DENIED AS MOOT.

Regarding his motions to disqualify the undersigned (Docs. 9, 10), disqualification under either 28 U.S.C. § 455 or § 144 must be predicated "upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias as distinguished from judicial one, arising out of the judge's background and association and not from the judge's view of the law." Id. at 1303-04 (quotations and citations omitted).  Section 455 provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  It is well-settled that adverse rulings during the course of proceedings are not by themselves sufficient to establish bias or prejudice which will disqualify the presiding judge.  See Knapp v. Kinsey, 232 F.2d 458, 466 (6th Cir. 1956); see also City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir. 1980).

Here, Johnson has not demonstrated any of the factors requiring disqualification as provided by federal statute.  Construed in the most liberal light, Johnson says that the undersigned is biased because the undersigned presided over his criminal trial. Johnson has not shown that the undersigned harbors "any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...."  28 U.S.C. § 455(b)(1).  Johnson has not referred to any extrajudicial conduct arising out of the undersigned's background and associations.  Therefore, Johnson has not presented a factual basis to support a motion under Section 455.  The

5

motions are DENIED for lack of merit.

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2016
Detroit, Michigan

6